UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.L., | No. 2:25-cv-01763-CKD |
| Plaintiff, | ORDER |
| v. | |
| BEVERLY LODGE, et al., | |
| Defendants. | |

Plaintiff filed this action under the Trafficking Victims Protection Reauthorization Act on June 24, 2025, alleging she was subjected to sex trafficking at the Beverly Lodge motel, owned, operated, and controlled by defendants. (ECF No. 1.) Plaintiff has filed a motion to proceed by the pseudonym "K.L." in place of her true and correct name. (ECF No. 6.) For the reasons below, plaintiff's *ex parte* motion to proceed by pseudonym is GRANTED, subject to reconsideration when defendants appear in this action.

I. Legal Standard

While the presumption in litigation is that parties must use their real names, courts permit parties to proceed anonymously when special circumstances justify secrecy.[1] *Does I thru XXIII v.*

---

[1] This presumption is loosely related to the public's right to open courts and the right of private individuals to confront their accusers. *Doe #3 v. California*, 2023 WL 3996476, at *1 (E.D. Cal.

1

1  *Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). The Ninth Circuit has held a party
2  may proceed with a pseudonym "in the 'unusual case' when nondisclosure of the party's identity
3  'is necessary . . . to protect a person from harassment, injury, ridicule or personal
4  embarrassment.'" *Id.* at 1067-68 (quotation and citation omitted). "[A] party may preserve his or
5  her anonymity in judicial proceedings in special circumstances when the party's need for
6  anonymity outweighs prejudice to the opposing party and the public's interest in knowing the
7  party's identity." *Id.* at 1068. Courts have permitted plaintiffs to proceed anonymously when their
8  claims involve allegations of sex trafficking. *See, e.g.*, *B.M. v. Wyndham Hotels & Resorts, Inc.*,
9  2020 WL 4368214, at *9 (N.D. Cal. July 30, 2020); *J.C. v. Choice Hotels Int'l., Inc.*, 2021 WL
10 1146404, at *3 (N.D. Cal. Mar. 4, 2021).

11     II.     Discussion

12         Plaintiff requests to proceed by the pseudonym "K.L." in place of her true and correct
13 name because this action involves allegations of sex trafficking, where plaintiff was forced to
14 engaged in commercial sex acts at the Beverly Lodge motel. (ECF No. 2 at 1-2; *see, e.g.*, ECF
15 No. 1 at ¶ 8 ("K.L. was trafficked at a motel owned by Defendants Manish Patel and Beverly
16 Lodge."), ¶ 9 ("At Defendant's Beverly Lodge motel, K.L. was harbored and forced to engage in
17 sex with many men every day."). Plaintiff states she lives in fear that her traffickers will find her
18 and harm her or force her back into trafficking, and she states that proceeding under pseudonym
19 will "allow her to exercise her right to bring this lawsuit without the threat of extreme
20 humiliation, retribution, bodily harm or death." (ECF No. 2 at 2, 4.) Plaintiff indicates her identity
21 will be disclosed to defendants for the purpose of investigating K.L.'s claims once the parties
22 have entered into a protective order. (ECF No. 1 ¶ 15.e.)

23         At this stage of the proceedings, the Court finds good cause to grant the *ex parte* motion
24 based on the allegations at issue. *See Doe v. Rose*, 2016 WL 9137645, at *1 (C.D. Cal. June 17,
25 2016). The Court finds that the need for anonymity in this case outweighs countervailing
26 considerations at this time. The Court will reconsider the issue should defendants object once they

---

27 June 14, 2023) (citing *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036,
28 1042 (9th Cir. 2010)).

have appeared in this action. *See Jane Doe #2 v. State of California*, 2023 WL 3956475, at *2 (E.D. Cal. June 12, 2023).

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's *ex parte* motion to proceed by pseudonym (ECF No. 6) is GRANTED, subject to reconsideration once defendants have appeared in this action;
2. Plaintiff shall be permitted to proceed under the pseudonym "K.L." in all publicly filed documents and proceedings in this action;
3. Plaintiff's true name and any identifying information shall be disclosed only to the Court and to counsel for defendant, and shall be maintained under strict confidentiality, subject to a protective order;
4. All parties and their counsel shall refer to plaintiff as "K.L." in public filings and shall redact or omit any identifying information that could lead to the disclosure of Plaintiff's identity;
5. Any documents filed with the Court that contain Plaintiff's full name or identifying information shall be filed under seal in accordance with Local Rule 141.

Dated: July 2, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, kl.1763.25