Meagan Verschueren (SBN 313117)
mverschueren@singletonschreiber.com
Katie Llamas (SBN 303983)
kllamas@singletonschreiber.com
Kristina Aiad-Toss (OH 0101336)
ktoss@singletonschreiber.com
SINGLETON SCHREIBER, LLP
591 Camino de la Reina, Ste. 1025
San Diego, CA 92108
Tel. (619) 771-3473

Attorneys for Plaintiff K.L.

**UNITED STATES DISTRICT COURT,**
**EASTERN DISTRICT OF CALIFORNIA**

K.L., an individual,

Plaintiff,

v.

Beverly Lodge, Manish Patel, and ROES 1 through 25,

Defendants.

Case No.: 2:25-cv-01763-CKD

**STIPULATED PROTECTIVE ORDER**

Plaintiff K.L., Defendant Beverly Lodge, Manish Patel (collectively the "Parties") agree that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.

Accordingly, the Parties stipulate and agree, subject to approval of the Court, to enter the following Protective Order. The Parties acknowledge that this Order is consistent with Fed. R. Civ. P. 26 and Local Rule 141.1. That Parties acknowledge and agree that it does not confer blanket protection on all disclosures or responses to discovery; and the protection it affords from public disclosure and

use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## I. PURPOSES, LIMITATIONS, AND DEFINITIONS

A. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this agreement is consistent with Fed. R. Civ. P. 26(c) and Local Rule 141.1.

B. As used in this Protective Order, the following definitions shall apply:

1. "Action" means *K.L. v. Beverly Lodge, et al.,* case number 2:25-cv-01763-CKD presently pending in the Eastern District of California.

2. "Party" means any party named in this Action that has not been dismissed at the time this Order is signed.

3. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action, and includes any parties that are dismissed from this lawsuit before this Order is signed.

4. "Counsel of Record" means any attorneys representing a Party.

5. "Plaintiff's Identity" means Plaintiff's personally identifiable information, including: [1] names and aliases used by Plaintiff at any time; [2] Plaintiff's date of birth; [3] Plaintiff's current and prior residential address; [4] Plaintiff's personal and home phone numbers and social media or online user accounts; [5] Plaintiff's physical description, including weight, hair color, eye color, ethnicity, tattoos, piercings; [6] Videos, photographs, or other depictions of Plaintiff; and [7] the names of Plaintiff's parents, siblings, children, and spouse, if any.

6. "Confidential Information" means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things reflecting: [1] potentially sensitive personal identifying or financial information of non-party trafficking survivor witnesses, including but not



SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

limited to, names, dates of birth, social security numbers, phone numbers, employment histories, or credit card information, videos, photographs, and social media; [2] any trade secret, proprietary information, confidential research, or competitively sensitive information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; [3] any material prohibited from disclosure by statute or Court Order but is nonetheless discoverable; and the personal or business financial information of a Defendant or its principals, including tax returns, bank, loan, and accounting records, and financial statements. "Confidential Information" does not include "Plaintiff's Identity" which is separately addressed in Section IV. "Confidential Information" includes "Other Trafficking Survivors" Identities. For any document marked "CONFIDENTIAL" that was created by the designating party in the regular course of its business, the designating party(ies) and their counsel represent that such Confidential document is a "business record" as defined by the Federal Rules of Evidence and relevant decisional authority interpreting the same.

7. "Designating Party" means a Party or Non-Party that designates and marks information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

8. "Receiving Party" refers to a Party or Non-Party to which information or items containing Confidential Information has been produced by a Designating Party.

9. "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in connection with discovery in this case.

10. "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action, and persons who are employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in this action.

11. "In-House Counsel" means Attorneys and their support staff who are employees of a Party.



SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

12. "Coordination Counsel" means Attorneys and their support staff currently litigating similar sex trafficking actions against Defendants, or any of them, throughout the United States whom are bound by similar protective orders and with whom counsel reasonably believes is necessary to consult with to meet the applicable standards under the ABA Model Rules of Professional Conduct and all other applicable Rules of Professional Conduct in representing the Parties to the best of their abilities.

13. "Counsel" (without qualifier) means Outside Counsel, In-House Counsel, and Coordination Counsel (as well as their support staff).

14. "Final Disposition" means the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

15. "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

16. "Expert" means a person with specialized knowledge or experience in a matter pertinent to this lawsuit and his or her employees, or staff, who has been retained by a Party or their Counsel to serve as an expert witness or consultant in this Action.

17. "Professional Vendors" means persons or entities that provide litigation support services (e.g., document and ESI processing, hosting, review and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees or subcontractors.

18. "Other Trafficking Survivors" includes Non-Parties who were trafficked at the same hotel(s) as Jane Doe or other hotel(s) owned, operated, and/or branded by a Defendant.

19. "Highly Confidential Information" means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things reflecting: a Defendant's trade secrets that require additional protection from disclosure to competitor Defendants, and the personal or business

financial information of a Defendant or its principals, including tax returns, bank, loan, and accounting records, financial statements, and information concerning net worth or the value of assets. For any document marked "HIGHLY CONFIDENTIAL" that was created by the designating party in the regular course of its business, the designating party(ies) and their counsel represent that such Confidential document is a "business record" as defined by the Federal Rules of Evidence and relevant decisional authority interpreting the same.

20. "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as provided for in this Protective Order.

## II. SCOPE

A. The protections conferred by this Protective Order cover not only Plaintiff's Identity and Protected Material (as defined above), but also [1] any information copied or extracted from Protected Material; [2] all copies, excerpts, summaries, or compilations of Confidential Information and Protected Material; and [3] any testimony, conversations, or presentations by Parties or their Counsel that may reveal Protected Material.

B. Except Plaintiff's Identity, the protections conferred by this Protective Order do not cover information that is in the public domain and which has been made accessible to the public via public statements and/or publications.

C. This Protective Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Protective Order in any way, including, without limitation, an order that certain matter not be produced at all.

D. To the extent a Designating Party provides Plaintiff's Identity and/or Protected Material under the terms of this Protective Order to the Receiving Party, the Receiving Party shall not share that material with any Non-Party, absent express written permission from the Designating Party, unless in conformance with this Protective Order.

E. To the extent a Party independently learns Plaintiff's Identity, such information is subject to the terms of this Protective Order and the Party shall not share it with any Non-Party, absent



SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

express written permission from Plaintiff, unless in conformance with this Protective Order.

## III. <u>ACCESS TO AND USE OF PROTECTED MATERIAL, AND FILING PROTECTED MATERIAL</u>

A. Protected Material and Plaintiff's Identity shall be used by a Receiving Party solely for the purpose of prosecuting, defending, or attempting to settle this Action, and shall not be used for any other purpose, including any other litigation, claim, or proceeding, or any business, personal, publicity, or advocacy purpose. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Protected Material must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may <u>only</u> disclose Protected Material to:

1. Any of the Receiving Party's Counsel of Record in this action, including their employees;

2. Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, or for coordination purposes, so long at the Outside Counsel that is not Counsel of Record has signed Exhibit A;

3. The current officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary to litigate any claims or defenses and who are bound by this Protective Order, except that Protected Material designated "HIGHLY CONFIDENTIAL" must not be shared or shown to any Party, to any current or former officer, director, or employee of a Party other than In-House Counsel, to Coordination Counsel, or to any other Defendant that owns, brands, and/or operates a competing hotel, motel or hospitality company;

4. Former officers, directors, and employees (including In-House Counsel) of the Receiving Party who have signed the Exhibit A;

5. Experts, investigators, contractors, consultants, and Coordination Counsel to



SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A;

6. The court and court personnel;

7. Court reporters, recorders, and videographers engaged for depositions;

8. Professional Vendors retained by the Parties, their Counsel of Record, or Outside Counsel, provided that the Professional Vendor executes Exhibit A and is instructed to immediately return all originals and copies of any Protected Material;

9. During a Non-Party deposition, any Non-Party deponent, and the Non-Party deponent's counsel, if any, may be shown Protected Material so long as the Non-Party deponent, and the Non-Party deponent's counsel, execute Exhibit A. Neither the Non-Party deponent nor the Non-Party deponent's counsel may retain any documents containing Protected Material upon termination of the deposition;

10. Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

11. Insurers and reinsurers for any of the Parties, including coverage counsel for the insurers, who have or may provide indemnity, reinsurance, or other coverage in connection with the claims asserted in this dispute and who have signed Exhibit A, which an insurer or reinsurer may execute through an authorized representative on behalf of the entity and its employees;

12. Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute Exhibit A.

C. Before filing Protected Material, the portions and/or documents that are protected must be redacted and/or filed under seal and Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Rule 141, even if it is not the party filing the motion to seal.

## IV. <u>ACCESSING AND USE OF PLAINTIFF'S IDENTITY</u>

A. During all proceedings in this litigation and in any public filing or statements, the Parties



SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

must either redact Plaintiff's Identity, file the document with her identity under seal, or use the pseudonym "K.L." or "Jane Doe" in place of Plaintiff's Identity.

B. Within three days of the entry the filing of this Order by the Court, Plaintiff shall provide Defendants, through their Counsel, with Plaintiff's full name, all other names and aliases used by Plaintiff, date of birth, and photographs of Plaintiff, including any taken from 2012 through 2015. Within 7 days of the entry of this Order, the Parties shall exchange Initial Disclosures. Nothing in this Order shall prevent any Party from seeking further protections or modification of this Order for the trial or litigation of this action. Nothing in this Order shall prevent a Party from requesting from Plaintiff during the course of discovery any other information that is linked or linkable to the true identity of Plaintiff or her trafficker(s) and associates, such as, but not limited to, any medical, educational, financial, employment, or other information. Relatedly, nothing in this Order relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff intends to rely upon at trial.

C. Access to Plaintiff's Identity shall be limited to, and only to, the following:

1. The Parties as defined in Section 1(B)(2), whom are bound by this Order, including current employees (including In-House Counsel), officers, and representatives of the Parties necessary to litigate any claims or defenses. Plaintiff's Identity provided to Parties will be limited to Plaintiff's names and aliases, date of birth, and photographs only;

2. Any Counsel of Record for the Parties whom are bound by this Order and retained specifically for this action, and employees, agents, and representatives of Counsel of Record as needed to litigate any claims or defenses;

3. Law enforcement agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's Identity is necessary to litigate any claims or defenses and only after such agencies are made aware of the subject Order;

4. Former employees (including In-House Counsel), officers, contractors and representatives of the Parties will have access to Plaintiff's names and aliases and photographs only,



SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this action and who execute Exhibit A;

5. Any witness, except Plaintiff's traffickers as defined in Section IV.D, who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this action will have access to Plaintiff's names and aliases and photographs only, and who executes Exhibit A;

6. Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

7. Insurers and reinsurers for any of the Parties, including coverage counsel for the insurers, who have or may provide indemnity, reinsurance, or other coverage in connection with the claims asserted in this dispute and who have signed Exhibit A, which an insurer or reinsurer may execute through an authorized representative on behalf of the entity and its employees;

8. The Court and Court personnel;

9. Court reporters, recorders, and videographers engaged for depositions;

10. Any custodian of records whom a Party reasonably believes has records related to Plaintiff that are likely to be relevant in this case;

11. Any Expert, consultant, or investigator retained by the Parties, their Counsel of Record, or Outside Counsel specifically in connection with this Action and who have signed Exhibit A;

12. Professional Vendors retained by the Parties, their Counsel of Record, or Outside Counsel, provided that the Professional Vendor executes Exhibit A;

13. Government agencies and agency personnel, but only after such agency is made aware of this Order and to the extent that the disclosure of Plaintiff's Identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

14. Such other persons as hereafter may be designated by written agreement of Plaintiff in this Action or by order of the Court and who execute Exhibit A.

D. As used herein, "traffickers" means the persons identified by Plaintiff in her pleadings,



SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

Initial Disclosures, or discovery responses as having trafficked her, and their associates so identified, and shall not include Defendant's employees and agents whose actions may meet the definition of trafficking. Only Plaintiff's identifying name(s) may be disclosed to Plaintiff's alleged trafficker(s) and his or her counsel, and only to the extent it is necessary, *i.e.,* that Plaintiff's Identity will assist the alleged trafficker(s) in recalling, relating, or explaining facts or in testifying. Such disclosure shall only take place if the procedures herein are followed and the disclosure is ordered by this Court.

E. Defendants shall submit an ex-parte application and notice to the Court of its intent to contact Plaintiff's trafficker(s) and to reveal Plaintiff's Identity to the alleged trafficker(s), as well as provide Plaintiff with notice of the ex-parte application and notice. In their ex-parte submission to the Court, Defendants shall describe the information sought, describe why that information is sought from the alleged trafficker(s) as opposed to some other source, any alternative means available to get the information that may be less risk to Plaintiff's safety and life, attempts to get the information from other sources, and explain the necessity of disclosing Plaintiff's identity given the risk to Plaintiff if such disclosure is made. The Court will evaluate the request to ensure that the information sought is relevant to the elements of a claim or defense and proportional to the needs of this case and risks involved. This Section does not restrict Defendants from obtaining records concerning an alleged trafficker from courts, law enforcement agencies, or other custodians of records without disclosing Plaintiff's Identity.

1. Should the Court grant Defendants' request, Defendants shall provide Plaintiff with at least fourteen (14) days advance notice of the contact, the identity of the alleged trafficker(s) who will be contacted, where the contact will occur, and the information that will be disclosed regarding Plaintiff.

## V. <u>DESIGNATING PROTECTED MATERIAL</u>

A. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the



SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

B. Mass, indiscriminate, or routinized designations are strictly prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties*) may result in sanctions against the Designating Party.

C. If a Designating Party learns that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

D. Except as otherwise provided in this Protective Order or as otherwise stipulated or ordered, disclosure of documents and things that qualify for protection under this Protective Order must be clearly designated before production.

1. For information produced in documentary form, the Designating Party must affix the word "CONFIDENTIAL" (or "HIGHLY CONFIDENTIAL," as applicable) to each page that contains confidential material. Documents produced in native electronic format (such as Microsoft Excel files) shall have a confidentiality designation affixed to the file name of the document. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, *by making appropriate markings in the margins*).

2. Regarding testimony given in a deposition or in other pretrial proceedings, the Parties and any participating Non-Party must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL." If a Party or Non-Party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

3. When producing other tangible items, the Producing Party must affix in a



SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. Any Party or Non-Party may challenge a designation of confidentiality at any time.

B. Any challenge to a designation of the Designating Party's Protected Material shall be written and identify, with particularity, the documents or information that the Receiving Party contends should be differently designated. It shall also state the grounds for the challenge.

C. If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Rule 251 (and in compliance with Local Rule 141, if applicable). The burden of persuasion in any such motion shall be on the Designating Party. Any such motion to retain confidentiality in response to a written challenge must be filed within thirty (30) calendar days of receipt of the written challenge. Failure to move to retain confidentiality in response to unresolved challenges within the time allotted herein shall result in the designation being removed and/or the document, thing or information not being designated as Protected Material herein. Frivolous challenges, and those made for an improper purpose (*e.g., to harass or impose unnecessary expenses and burdens on other parties*) may expose the challenging party to sanctions. All Parties shall continue to maintain the material in question as confidential until one of the following occurs: [1] the Designating Party withdraws such designation in writing; [2] the Designating Party fails to move to retain confidentiality within thirty (30) calendar days; or [3] the Court rules that the disputed material is not entitled to the designation.



SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

## VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," the subpoenaed or otherwise ordered Party must:

1. Redact Plaintiff's Identity or use the pseudonym "K.L." or "Jane Doe" in place of Plaintiff's Identity;

2. Promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

3. Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

4. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

B. Nothing in this Order shall be construed to prevent third parties from moving to intervene to modify this protective order to allow disclosure of certain information necessary to prove claims in other cases.

## VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material or Plaintiff's Identity to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately [1] notify in writing the Designating Party of the unauthorized disclosures; [2] use its best efforts to retrieve all unauthorized copies of the Protected Material and/or identifying information; [3] inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and [4] request that such person or persons execute Exhibit A.



SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

B. Any intentional or reckless unauthorized disclosure is subject to appropriate sanctions by the Court.

**IX. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

A. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

B. Upon discovery of an inadvertent disclosure, the Producing Party has thirty (30) days to notify the Receiving Parties of that discovery, in writing, asserting attorney-client privilege, work product protection, or other applicable privilege or protection with respect to the inadvertently disclosed materials.

C. The Receiving Parties must, unless they contest the claim or privilege or protection in accordance with this Protective Order, do the following: [1] return, delete, or destroy all copies of the inadvertently disclosed material(s); and [2] provide a certification that all materials were destroyed or returned.

**X. FINAL DISPOSITION**

A. Counsel for each Party may retain all documents and things that make up their client's file and preserve the same in accordance with local and federal laws, as well as all applicable rules of professional conduct.

B. Notwithstanding a final disposition, the confidentiality obligations imposed by this agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.



SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**PRESENTED BY:**

SINGLETON SCHREIBER, LLP

Dated: October 23, 2026 By: /s/ Kristina Aiad-Toss
Meagan Verschueren (SBN 313117)
mverschueren@singletonschreiber.com
Katie Llamas (SBN 303983)
kllamas@singletonschreiber.com
Kristina Aiad-Toss (OH 0101336)
ktoss@singletonschreiber.com
591 Camino de la Reina, Ste. 1025
San Diego, CA 92108
Tel. (619) 771-3473

Attorneys for Plaintiff K.L.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

Dated: October 23, 2026 By: /s/ Dustin J. Dorsey
Dustin J. Dorsey, Esq.
dustin.dorsey@qpwblaw.com
Jaclyn Flynn, Esq.
jaclyn.flynn@qpwblaw.com
Trevor S. Daugherty, Esq.
trevor.daugherty@qpwblaw.com
1001 Galaxy Way, Ste. 312
Concord, CA 94520
Te.: (925) 466-4230

Attorneys for Defendants Beverly Lodge and Manish Patel

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulated Protective Order with the additional clarification and order that once this action is closed, the Court will not retain jurisdiction over enforcement of the terms of this discovery protective order.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any

documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

Dated: October 23, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, kl.25cv1763



SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________, of ______________________________, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____________ in the case of K.L. v Beverly Lodge, et al., Case No. 2:25-cv-01763-CKD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: ________________

______________________________________
Printed Name

______________________________________
Signature

______________________________________
City and State where sworn and signed



SINGLETON SCHREIBER
591 CAMINO DE LA REINA, STE. 1025
SAN DIEGO, CA 92108
619) 771-3473